IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| HEARL FACEY,<br><br>Plaintiff,<br><br>v.<br><br>DAE SUNG CORPORATION, LB&B ASSOCIATES INC., and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 37 SCHOLARSHIP FUND, INC.<br><br>Defendants. | Civil Action No. 1:13-cv-03256-JKB |

**DEFENDANTS DAE SUNG, LLC AND LB&B ASSOCIATES INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS FIVE AND SIX OF PLAINTIFF'S COMPLAINT & JURY DEMAND**

Defendants Dae Sung, LLC (mis-identified by Plaintiff as "Dae Sung Corporation") ("Dae Sung") and LB&B Associates Inc. ("LB&B") (collectively, the "FTSS JV Defendants") respectfully submit this Memorandum in Support of their Motion to Dismiss Counts Five and Six of Plaintiff's Complaint & Jury Demand.

**NATURE OF THE CASE**

Plaintiff commenced this action on September 27, 2013 by filing a Complaint & Jury Demand (the "Complaint") against the FTSS JV Defendants and the International Union of Operating Engineers, Local 37 Scholarship Fund, Inc. (the "Union") (the FTSS JV Defendants and the Union are collectively referred to as "Defendants") in the Circuit Court for Baltimore City. Plaintiff's Complaint purported to assert multiple claims against Defendants related to the termination of Plaintiff's employment with FTSS Joint Venture ("FTSS JV"), a joint venture comprised of Dae Sung and LB&B. Plaintiff's claims included, as relevant to the instant Motion to

Dismiss, a claim for violation of 42 U.S.C. § 1985 (alleging that Defendants conspired to deprive Plaintiff of the equal protection of the laws) (Count Five) and a claim for violation of 42 U.S.C. § 1986 (alleging that Defendants failed or neglected to prevent the conspiracy described in Count Five) (Count Six). (Compl. ¶¶ 42-29.) Defendants removed the action to this Court on November 1, 2013, and the FTSS JV Defendants now move for dismissal of Counts Five and Six, with prejudice.

## STATEMENT OF THE FACTS RELEVANT TO THIS MOTION[1]

Dae Sung and LB&B are parties to a joint venture called FTSS Joint Venture ("FTSS JV") that employed Plaintiff as a building engineer until his termination on March 3, 2012. (Compl. ¶¶ 5, 11, 14.) In his Complaint, Plaintiff now claims that his termination was based on a number of impermissible factors, including his race, his national origin, and his engaging in protected activity under the False Claims Act. (Compl. ¶¶ 19-41.) Plaintiff filed a grievance regarding his termination with the Union, but the Union declined to pursue Plaintiff's grievance. (Compl. ¶ 18.)

## ARGUMENT

In order to state a viable claim and survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice" because the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678.

[1] The FTSS JV Defendants have, as they must for purposes of this motion to dismiss, assumed that Plaintiff's factual allegations are true. In fact, however, the FTSS JV Defendants dispute the veracity of most of Plaintiff's allegations.

In this case, the FTSS JV Defendants submit that Plaintiff has failed to satisfy this standard with regard to Count Five (violation of 42 U.S.C. § 1985, conspiracy to deprive Plaintiff of the equal protection of the laws) and Count Six (violation of 42 U.S.C. § 1986, failing or neglecting to prevent such a conspiracy) of Plaintiff's Complaint.

## I. COUNT FIVE OF PLAINTIFF'S COMPLAINT FAILS TO SUFFICIENTLY ALLEGE A CLAIM UNDER 42 U.S.C. § 1985.

In Count Five of Plaintiff's Complaint, Plaintiff attempts to assert a claim against the FTSS JV Defendants and the Union for violation of 42 U.S.C. § 1985 ("§ 1985"), conspiracy to deprive Plaintiff of the equal protection of the laws. (Compl. ¶¶ 42-46.) Plaintiff's Complaint, however, is devoid of **any** factual allegations supporting such a claim.

In order to state a claim under § 1985, "a plaintiff must prove the following: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011). "[W]here a conspiracy is alleged, the plaintiff must plead facts amounting to more than 'parallel conduct and a bare assertion of conspiracy. . . . [A] conclusory allegation of agreement at some unidentified point does not supply adequate facts to show illegality.'" *Id.* (quoting *Twombly*, 550 U.S. at 556-57). As such, a "plaintiff 'must show an agreement or meeting of the minds by [the] defendants to violate the [plaintiff's] constitutional rights.'" *Id.* (quoting *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995)).

In *A Society Without a Name*, the 4th Circuit upheld the district court's dismissal of the plaintiff's § 1985 claim because the plaintiff "allege[d] nothing more specific than statements that the

'Doe(s) and the City entered into a conspiracy,' that they had a 'meeting of the minds that they would act in concert with VCU' to pressure the Daily Planet to relocate to Oliver Hill Way, and that 'Homeward was created as part of the conspiracy and . . . became part of the conspiracy.'" *Id.* at 347. The 4th Circuit found that these "conclusory allegations unsupported by concrete facts" were insufficient to state a valid claim under 42 U.S.C. § 1985 because the plaintiff "fail[ed] to allege with any specificity the persons who agreed to the alleged conspiracy, the specific communications amongst the conspirators, or the manner in which any such communications were made." *Id.*; *see also Jackson v. Baltimore Police Department*, No. WDQ-11-3569, 2013 WL 1121412, at *8 (D. Md. Mar. 15, 2013) (dismissing a § 1985 claim, finding "[w]ithout specifying the members of the conspiracy, or communications establishing a meeting of the minds, [the plaintiff] has not plausibly alleged a conspiracy").

The allegations of a conspiracy here are even more conclusory and devoid of supporting facts than those made by the plaintiff in *A Society Without a Name*. The entire extent of Plaintiff's allegations in support of this claim are as follows:

> 43. All Defendants have conspired for the purpose of depriving plaintiff of the equal protection of the laws and of equal privileges and immunities under the laws by terminating Plaintiff's employment and denying Plaintiff grievance.
>
> 44. Each of the Defendant's conduct in this regard was motivated impermissibly by Plaintiff's race, national origin and protected activity of reporting Lee Best false claim for time worked.
>
> 45. In furtherance of the object of this conspiracy to deprive Plaintiff of the equal protection of the laws and his equal privileges and immunities under the laws, FTSS JV terminated Plaintiff's employment.

(Compl. ¶¶ 43-45.) Like the plaintiff in *A Society Without a Name*, Plaintiff here has not alleged "with any specificity the persons who agreed to the alleged conspiracy, the specific communications amongst the conspirators, or the manner in which any such communications were made." *See*

*Society Without a Name*, 655 F.3d at 347. Plaintiff's allegations are nothing more than a "threadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," which simply cannot suffice to state a valid claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The FTSS JV Defendants therefore respectfully request that Count Five of Plaintiff's Complaint be dismissed with prejudice.

## II. COUNT SIX OF PLAINTIFF'S COMPLAINT FAILS BECAUSE IT IS DERIVATIVE OF PLAINTIFF'S PURPORTED BUT INVALID § 1985 CLAIM AND BECAUSE IT IS BARRED BY THE STATUTE OF LIMTIATIONS.

In Count Six of Plaintiff's Complaint, Plaintiff attempts to assert a claim against the FTSS JV Defendants and the Union for violation of 42 U.S.C. § 1986 ("§ 1986"), failing or neglecting to prevent a conspiracy to deprive Plaintiff of the equal protection of the laws. (Compl. ¶¶ 47-49.) This claim, however, is subject to dismissal because it is derivative of and dependent upon Plaintiff's invalid § 1985 claim. In addition, even if it were not subject to dismissal on that basis, Plaintiff's § 1986 claim is barred by the one-year statute of limitations applicable to such claims.

### A. <u>Because Plaintiff's § 1985 Claim Fails, Plaintiff's § 1986 Claim Must Fail As Well.</u>

In his § 1986 claim, Plaintiff alleges that Defendants failed or neglected to prevent a violation of § 1985. (Compl. ¶ 47.) As set forth above, however, Plaintiff has failed to state a viable claim under § 1985. As such, his claim for failure to prevent a violation of § 1985 must fail as well. *See, e.g.*, *Kangalee v. Baltimore City Policy Department*, No. RDB-12-01566, 2012 WL 5457231, at *8 (D. Md. Nov. 7, 2012); *Whitley v. Prince George's County, Md.*, No. PWG-12-3428, 2013 WL 3659949, at *7 (D. Md. July 11, 2013). As this Court stated in *Kangalee*, "claims brought under Section 1986 are derivative of claims under Section 1985. Thus, Plaintiff's failure to state a claim under Section 1985 is fatal to her claim under section 1986." *Kangalee*, 2012 WL 5457231, at *8;

*see also Whitley*, 2013 WL 3659949, at *7 ("because 42 U.S.C. § 1986 creates a cause of action for damages against any individual who knew of and could have prevented a § 1985 conspiracy, but neglected to act, . . . if a '§ 1985 claim is meritless, the § 1986 claim fails as well.'" (quoting *Brissett v. Paul*, 141 F.3d 1157, 1998 WL 195945, at *3 (4th Cir. 1998) (internal citations omitted).

Because Plaintiff here has failed to state a claim for violation of § 1985 for the reasons set forth above, Plaintiff's claim for violation of § 1986 necessarily fails as well. The FTSS JV Defendants therefore respectfully request that the Court dismiss Count Six of Plaintiff's Complaint with prejudice.

**B. <u>Plaintiff's § 1986 Claim Is Barred By the Statute of Limitations.</u>**

Even assuming for the sake of argument that Plaintiff's § 1985, and thus his § 1986 claim, were viable, Plaintiff's § 1986 claim is still subject to dismissal, as it is barred by the applicable statute of limitations. Claims for violation of § 1986 are subject to a one-year statute of limitations. 42 U.S.C. § 1986 ("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued"); *see also Matthews v. Howard County, Md.*, 217 F.3d 839, 2000 WL 790963, at *1 (4th Cir. June 20, 2000) (noting that "Section 1986, 42 U.S.C. (1994), contains its own one-year limitation period" and upholding the trial court's dismissal of the plaintiff's untimely-filed § 1986 claim).

In this case, all of Plaintiff's claims are based upon the termination of his employment, which occurred on March 3, 2012, yet Plaintiff did not file this action until September 27, 2013, well past the one-year statute of limitations for a § 1986 claim. As such, Plaintiff's claim is untimely filed, and the FTSS JV Defendants respectfully request that the Court dismiss Count Six of Plaintiff's Complaint with prejudice.

**CONCLUSION**

Based upon the foregoing, and the arguments and authorities contained herein, the FTSS JV Defendants respectfully request that the Court dismiss Counts Five and Six of Plaintiff's Complaint with prejudice.

/s/

Gerry H. Tostanoski (Bar No. 07382)
Kelly M. Marzullo (Bar No. 28036)
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
Telephone: (410) 752-9700
Facsimile: (410) 727-5460
GTostanoski@tydingslaw.com
KMarzullo@tydingslaw.com

*Attorneys for Defendants Dae Sung, LLC and LB&B Associates Inc.*

OF COUNSEL:

Benjamin N. Thompson
Jennifer M. Miller[2]
WYRICK ROBBINS YATES & PONTON LLP
4101 Lake Boone Trail, Suite 300
Raleigh, NC 27607-7506
Telephone: (919) 781-4000
Facsimile: (919) 781-4865
bthompson@wyrick.com
jmiller@wyrick.com

*Attorneys for Defendants Dae Sung, LLC and LB&B Associates Inc.*

[2] Motions for Admission Pro Hac Vice for Benjamin N. Thompson and Jennifer M. Miller are currently pending.