IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| HEARL FACEY,<br><br>Plaintiff,<br><br>v.<br><br>DAE SUNG CORPORATION, LB&B ASSOCIATES INC., and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 37 SCHOLARSHIP FUND, INC.<br><br>Defendants. | ) | Civil Action No. 1:13-cv-03256-JKB |

**DEFENDANT DAE SUNG, LLC'S ANSWER**

Defendant Dae Sung, LLC (mis-identified by Plaintiff as "Dae Sung Corporation") ("Dae Sung") responds to the allegations in the Complaint & Jury Demand filed by Plaintiff Hearl Facey ("Plaintiff") as follows:

**RESPONSE TO NUMBERED ALLEGATIONS**

1. Dae Sung denies that Plaintiff is entitled to any relief from Dae Sung and therefore denies the allegations of Paragraph 1.

2. Dae Sung admits on information and belief that Plaintiff is an African-American male citizen of the United States of Jamaican national origin. Dae Sung further admits on information and belief that Plaintiff resides in Baltimore County in the State of Maryland. Dae Sung further admits that Plaintiff was employed by FTSS Joint Venture as a building engineer from February 1, 2011 until his termination on March 3, 2012. Except as expressly admitted herein, Dae Sung denies the allegations of Paragraph 2.

3. Dae Sung admits that Dae Sung provides facility support services, construction and construction management services, custodial services, facilities maintenance, bulk fuel storage and refueling aircrafts, simulator training and simulator maintenance, central issuing facility services, mail services and distributions, and administrative support services. Dae Sung further admits that Dae Sung holds a 51% interest in FTSS Joint Venture. Except as expressly admitted herein, Dae Sung denies the allegations of Paragraph 3.

4. The allegations of Paragraph 4 are not directed toward Dae Sung; therefore, no response is required of Dae Sung.

5. Admitted.

6. Dae Sung admits that FTSS Joint Venture employs more than 15 regular employees. To the extent the remaining allegations of Paragraph 6 consist of or call for legal conclusions, no response is required of Dae Sung. Except as expressly admitted herein, Dae Sung denies the allegations of Paragraph 6.

7. The allegations of Paragraph 7 are not directed toward Dae Sung; therefore, no response is required of Dae Sung.

8. To the extent the allegations of Paragraph 8 consist of or call for legal conclusions, no response is required of Dae Sung. Except as expressly admitted herein, Dae Sung denies the allegations of Paragraph 8.

9. To the extent the allegations of Paragraph 9 consist of or call for legal conclusions, no response is required of Dae Sung. Except as expressly admitted herein, Dae Sung denies the allegations of Paragraph 9.

10. To the extent the allegations of Paragraph 10 refer to or describe the contents of written documents, those documents speak for themselves and are the best evidence of their contents.

Insofar as the allegations of Paragraph 10 are inconsistent with those contents, Dae Sung denies the same. To the extent the allegations of Paragraph 10 consist of or call for legal conclusions, no response is required of Dae Sung. Except as expressly admitted herein, Dae Sung denies the allegations of Paragraph 10.

11. Dae Sung admits that FTSS Joint Venture employed Plaintiff as a building engineer. Except as expressly admitted herein, Dae Sung denies the allegations of Paragraph 11.

12. Dae Sung admits that, on February 28, 2012, a subcontractor performed work on the fire systems detectors at the facility where Plaintiff worked, and that Plaintiff was assigned and directed to oversee and monitor that work. Dae Sung further admits that, despite prior direction given to Plaintiff to the contrary, Plaintiff not only allowed the subcontractor to test the detectors during normal building hours, but he in fact participated in and assisted with such testing, resulting in a mandatory evacuation of the approximately 1000-2000 government employees working in the facility. Except as expressly admitted herein, Dae Sung denies the allegations of Paragraph 12.

13. Dae Sung admits that Jim Wack, FTSS Joint Venture's Project Manager, investigated the February 28, 2012 incident and that, as part of that investigation, Mr. Wack met with Plaintiff, Dale Morrissey, Bill Schreiner and Joe Single. Except as expressly admitted herein, Dae Sung denies the allegations of Paragraph 13.

14. Dae Sung admits that Plaintiff was terminated on March 3, 2012. Except as expressly admitted herein, Dae Sung denies the allegations of Paragraph 14.

15. Denied.

16. Denied.

17. Dae Sung admits that other engineers at the facility at which Plaintiff worked have been involved in situations where alarms went off, but Dae Sung denies that any such individuals

were similarly situated to Plaintiff, and Dae Sung denies that any such situations were remotely similar to the situation that resulted in Plaintiff's termination. Except as expressly admitted herein, Dae Sung denies the allegations of Paragraph 17.

18. As to the allegations of Paragraph 18, Dae Sung is without knowledge or information sufficient to form a belief as to the truth of such allegations and the same are, therefore, denied. Except as expressly admitted herein, Dae Sung denies the allegations of Paragraph 18.

19. To the extent that the allegations of Paragraph 19 incorporate the allegations of Paragraph 1 through 18 of the Complaint, Dae Sung's responses to the allegations of Paragraph 1 through 18, set out above, are hereby incorporated herein by reference as if fully set out. Dae Sung denies the remaining allegations of Paragraph 19.

20. Denied.

21. Dae Sung admits that Plaintiff was terminated on March 3, 2012. Dae Sung admits that other engineers at the facility at which Plaintiff worked have been involved in situations where alarms went off, but Dae Sung denies that any such individuals were similarly situated to Plaintiff, and Dae Sung denies that any such situations were remotely similar to the situation that resulted in Plaintiff's termination. Except as expressly admitted herein, Dae Sung denies the allegations of Paragraph 21.

22. Denied.

23. Denied.

24. Denied.

25. To the extent that the allegations of Paragraph 25 incorporate the allegations of Paragraph 1 through 24 of the Complaint, Dae Sung's responses to the allegations of Paragraph 1

through 24, set out above, are hereby incorporated herein by reference as if fully set out. Dae Sung denies the remaining allegations of Paragraph 25.

26. Denied.

27. Dae Sung admits that Plaintiff was terminated on March 3, 2012. Dae Sung admits that other engineers at the facility at which Plaintiff worked have been involved in situations where alarms went off, but Dae Sung denies that any such individuals were similarly situated to Plaintiff, and Dae Sung denies that any such situations were remotely similar to the situation that resulted in Plaintiff's termination. Except as expressly admitted herein, Dae Sung denies the allegations of Paragraph 27.

28. Denied.

29. Denied.

30. Denied.

31. To the extent that the allegations of Paragraph 31 incorporate the allegations of Paragraph 1 through 30 of the Complaint, Dae Sung's responses to the allegations of Paragraph 1 through 30, set out above, are hereby incorporated herein by reference as if fully set out. Dae Sung denies the remaining allegations of Paragraph 31.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. To the extent that the allegations of Paragraph 37 incorporate the allegations of Paragraph 1 through 36 of the Complaint, Dae Sung's responses to the allegations of Paragraph 1

through 36, set out above, are hereby incorporated herein by reference as if fully set out. Dae Sung denies the remaining allegations of Paragraph 37.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Dae Sung has moved to dismiss Count Five of Plaintiff's Complaint (Paragraphs 42-46). As such, no response is required to those allegations.

43. Dae Sung has moved to dismiss Count Five of Plaintiff's Complaint (Paragraphs 42-46). As such, no response is required to those allegations.

44. Dae Sung has moved to dismiss Count Five of Plaintiff's Complaint (Paragraphs 42-46). As such, no response is required to those allegations.

45. Dae Sung has moved to dismiss Count Five of Plaintiff's Complaint (Paragraphs 42-46). As such, no response is required to those allegations.

46. Dae Sung has moved to dismiss Count Five of Plaintiff's Complaint (Paragraphs 42-46). As such, no response is required to those allegations.

47. Dae Sung has moved to dismiss Count Six of Plaintiff's Complaint (Paragraphs 47-49). As such, no response is required to those allegations.

48. Dae Sung has moved to dismiss Count Six of Plaintiff's Complaint (Paragraphs 47-49). As such, no response is required to those allegations.

49. Dae Sung has moved to dismiss Count Six of Plaintiff's Complaint (Paragraphs 47-49). As such, no response is required to those allegations.

50. To the extent that the allegations of Paragraph 50 incorporate the allegations of Paragraph 1 through 49 of the Complaint, Dae Sung's responses to the allegations of Paragraph 1 through 49, set out above, are hereby incorporated herein by reference as if fully set out. Dae Sung denies the remaining allegations of Paragraph 50.

51. To the extent that the allegations of Paragraph 51 consist of or call for legal conclusions, no response is required of Dae Sung. Except as expressly admitted herein, Dae Sung denies the allegations of Paragraph 51.

52. Denied.

53. To the extent that the allegations of Paragraph 53 consist of or call for legal conclusions, no response is required of Dae Sung. Except as expressly admitted herein, Dae Sung denies the allegations of Paragraph 53.

54. Denied.

Dae Sung denies that Plaintiff is entitled to any relief as set forth in Plaintiff's Prayer for Relief or otherwise.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims against Dae Sung are barred because Plaintiff has not alleged that Dae Sung engaged in any actions that allegedly caused harm or damages to Plaintiff.

2. Plaintiff's claims are barred to the extent that Plaintiff has failed to state a valid claim for relief.

3. Plaintiff's claims are barred to the extent that they are based on actions that occurred outside the applicable limitations period.

4. Plaintiff's claims based upon his termination are barred because Plaintiff was not performing his job satisfactorily at the time of his termination.

5. Plaintiff's claims based upon his termination are barred because Plaintiff's race and/or national origin were not motivating factors in FTSS Joint Venture's decision to terminate his employment.

6. Even if Plaintiff's race and/or national origin had played any role in his termination, which is denied in the strongest possible terms, Plaintiff's claims based upon his termination are barred because FTSS Joint Venture would have made the same decision even if Plaintiff's race and/or national origin had not played any role in FTSS Joint Venture's decision to terminate Plaintiff.

7. Plaintiff's claims based upon his termination are barred because FTSS Joint Venture had legitimate, non-discriminatory reasons for terminating Plaintiff.

8. Plaintiff's claim for retaliation under 31 U.S.C. § 3730(h) is barred because Plaintiff did not engage in protected activity within the meaning of that statute.

9. Plaintiff's claim for retaliation under 31 U.S.C. § 3730(h) is barred because, even assuming that Plaintiff engaged in protected activity within the meaning of that statute, which is denied, FTSS Joint Venture had no knowledge of any such activity.

10. Plaintiff's claim for retaliation under 31 U.S.C. § 3730(h) is barred because, even assuming that Plaintiff engaged in protected activity within the meaning of that statute, which is denied, FTSS Joint Venture did not take adverse action against Plaintiff as a result of any such alleged protected activity.

11. Plaintiff's claims are barred to the extent that he failed to mitigate his damages. Moreover, Plaintiff's interim earnings or amounts earnable by him with reasonable diligence shall reduce any back pay otherwise allowable.

12. Plaintiff has failed to state a basis for the recovery of punitive damages.

13. Plaintiff's claims are barred by the doctrine of unclean hands, as Plaintiff's own wrongful actions resulted in his termination.

**RESERVATION AND NON-WAIVER**

Dae Sung reserves and does not waive any additional defenses as may be revealed by information subsequently acquired in discovery or otherwise.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered and responded to the allegations in Plaintiff's Complaint & Jury Demand and having set out affirmative defenses thereto, Dae Sung respectfully prays the Court for the following relief:

1. That Plaintiff have and recover nothing from Dae Sung, and that his claims be dismissed with prejudice;

2. That the costs of this action be taxed against Plaintiff; and

3. For such other and further relief to Dae Sung as to the Court seems just and proper.

This the 7th day of November, 2013.

/s/

Gerry H. Tostanoski (Bar No. 07382)
Kelly M. Marzullo (Bar No. 28036)
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
Telephone: (410) 752-9700
Facsimile: (410) 727-5460
GTostanoski@tydingslaw.com
KMarzullo@tydingslaw.com

*Attorneys for Defendants Dae Sung, LLC and LB&B Associates Inc.*

OF COUNSEL:

Benjamin N. Thompson
Jennifer M. Miller[1]
WYRICK ROBBINS YATES & PONTON LLP
4101 Lake Boone Trail, Suite 300
Raleigh, NC 27607-7506
Telephone: (919) 781-4000
Facsimile: (919) 781-4865
bthompson@wyrick.com
jmiller@wyrick.com

*Attorneys for Defendants Dae Sung, LLC*
*and LB&B Associates Inc.*

[1] Motions for Admission Pro Hac Vice for Benjamin N. Thompson and Jennifer M. Miller are currently pending.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| HEARL FACEY,<br><br>Plaintiff,<br><br>v.<br><br>DAE SUNG CORPORATION, LB&B ASSOCIATES INC., and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 37 SCHOLARSHIP FUND, INC.<br><br>Defendants. | ) | Civil Action No. 1:13-cv-03256-JKB |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 7th day of November, 2013, a copy of the foregoing Defendant Dae Sung, LLC's Answer electronically was filed and served on all counsel of record.

/s/

Kelly M. Marzullo (Bar No. 28036)
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
Telephone: (410) 752-9700
Facsimile: (410) 727-5460
KMarzullo@tydingslaw.com

*Attorneys for Defendants Dae Sung, LLC and LB&B Associates Inc.*